IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LISERPIDIA CASTRO-MERCADO,

   Plaintiff,

     v.

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

   Defendant.

CIVIL NO. 07-1027 (FAB/CVR)

**OPINION AND ORDER**

Plaintiff Liserpidia Castro-Mercado (hereafter "Ms. Castro-Mercado") filed this complaint seeking judicial review of the decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), which denied her application for entitlement to a period of disability and ensuing benefits. Ms. Castro-Mercado requests from this Court judgment be issued setting aside the determination of the Commissioner and she be awarded Social Security Disability benefits under the provisions of the Social Security Act for lack of substantial evidence in the record as whole denying her application (**Docket No. 1**).[1]

The Commissioner answered the complaint, filed copy of the administrative record, and a memorandum of law in support of the Commissioner's decision (**Docket Nos. 5**, **6, 8**). Ms. Castro-Mercado filed through counsel, Atty. Louis A. De Mier-Leblanc, a memorandum of law in support of her position (**Docket No. 9**). The parties have upon notice of referral to this

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
  "... [t]he court shall have power to enter, upon the pleadings and transcript
   of the record, a judgment without remanding the cause for rehearing". Section 205(g).

Magistrate Judge consented to the exercise of jurisdiction by a United States Magistrate-Judge (**Docket Nos. 10, 11, 12**).

After a perusal of the administrative record, defendant's brief, counsel for plaintiff's memorandum of law, as well as the administrative record containing the medical evidence on file, this United States Magistrate-Judge finds the Commissioner's decision is not supported by substantial evidence in the record as a whole and should BE VACATED.

## I.     General Background.

Plaintiff Castro-Mercado is a forty eight (48) years old female, who completed the ninth grade education and obtained a general equivalency high school diploma. She performed past relevant work as cook helper, material handler and trimmer. The initial application for disability insurance benefits was filed on March 6, 2001, alleging an inability to work since August 16, 2000, because of back and cervical conditions, ensuing pain, and a mental health condition diagnosed as major depression. She had undergone back surgery for her herniated nucleous pulposus condition but continued with significant pain in her back and at cervical level. Ms. Castro-Mercado meets the disability insured status through the date of the decision of the Administrative Law Judge (hereafter "the ALJ").

## II.     Procedural History and the Administrative Hearing.

After Ms. Castro-Mercado's application for social security disability benefits was initially denied by the Social Security Administration, the requested administrative hearing was first held back on April 17, 2002. After benefits were denied, plaintiff submitted an appeal. The

Appeals Council remanded the case to the ALJ with instructions. As a consequence thereof, the administrative hearing was reopened on January 11, 2005, to receive the testimony of a vocational expert. Claimant Castro-Mercado, assisted by counsel and an interpreter, also testified. (*Tr. pp. 407-428*).

Thereafter, after this second administrative hearing, the presiding ALJ issued an opinion on February 17, 2005, that was then affirmed by the Appeals Council and became the final decision of the Commissioner of Social Security that is now subject of this judicial review (*Tr. pp. 27-36*).

### III.    The ALJ's Decision and the Appeals Council.

The ALJ's opinion of February 17, 2005, assessed claimant's condition through the evaluation process mandated by law, insofar as concluding that plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through the date of the administrative decision; (2) has not engaged in substantial gainful activity since the alleged onset date of disability; (3) has an impairment or a combination of impairments considered "severe" based upon the Regulations found at 20 C.F.R. § 404.1520(b), but these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  Furthermore, the ALJ considered, at the remaining five step evaluation required for sequential analysis, that plaintiff's impairments being considered severe because of an affective disorder, diagnosed as major depression, and together with her back and cervical conditions, in addition to pain, but

without any exertional limitations consider to exist, did not prevent her from performing within the narrow range of light work. In addition, the ALJ concluded the vocational expert's testimony indicated claimant could perform her previous work as a trimmer, as well as garment sorter and photo copier. (*Tr. pp. 33, 427*).

The ALJ reviewed and discussed in the administrative opinion the medical evidence wherein it was determined plaintiff suffered from an emotional condition, diagnosed as major depression (*Tr. p. 31*). The ALJ considered plaintiff sought medical treatment initially for an emotional condition but has not received any active course treatment or hospitalization. Upon her testimony that she watches television and listens to the radio, could read books and magazines and visit family members, the ALJ determined Ms. Castro Mercado had no significant limitations. (*Tr. p. 32*). As to the back and cervical conditions, the ALJ found she had no significant limitation of motions and pain was relieved by medication. *Id.* The ALJ concluded there was no neurological deficit, no disabling pain or disabling limitation of motion for which although her subjective complaints were considered credible, these did not affect claimant's residual functional capacity at all levels. *Id.* In conclusion, the ALJ determined Ms. Castro Mercado was not disabled.

## IV. Analysis.

### A. Legal Standard.

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence as affirmed by the Appeals

Council. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, Title 42, United States Code, Section 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. *See* Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he/she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if [s]he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Title 42, United States Code, Section 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. Title 42, United States Code, Section 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If he/she is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then

Opinion and Order
Liserpidia Castro-Mercado v. Commissioner of SS
Civil No. 07-1027(FAB/CVR)
Page No. 7

the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). In the instant case, the ALJ found claimant Castro Mercado meets the non-disability requirements for a period of disability through March 31, 2001; she has not engaged in substantial gainful activity since alleged onset date; her back and affective disorders were considered severe; these impairments did not meet or equal one of the listing of impairments; her alleged limitations are not totally credible; and she retained residual functional capacity to be able to return to her previous type of work as a trimmer. (*Tr. p. 35*).

Ms. Castro-Mercado contends, however, as first consideration against the ALJ's opinion, the hypothetical question propounded by the ALJ to the vocational expert was not asked correctly as to the narrow range of light type of work within the proper residual functional capacity. The hypothetical question limited claimant's residual to light work, not to a narrow range of light work, for which her previous work as trimmer was considered by the vocational expert to fall under light type of work not necessarily within the limited range of light work the ALJ subsequently concluded.

A full range of light work involves lifting of no more than twenty (20) pounds at a time with frequent lifting or carrying of objects weighting up to ten (10) pounds. It requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm and legs control. An individual must be considered capable of performing a full or wide range of light work when having the ability to do substantially all of these activities. (*Tr. p. 34*).

We do take notice that upon considering there was an absence of non-exertional limitations,[2] the ALJ's found that claimant was not disabled based on the Grid,[3] involving the subsidiary finding that claimant could perform light work (involving occasional lifting/carrying of up to 20 pounds), which would not preclude disability for sedentary type of work. If the capacity to perform sedentary work (involving the lifting/carrying of no more than 10 pounds) is substituted for the capacity to perform light work, section 201.19 of the Grid, for a younger individual, would apply and would also direct a finding that claimant is not disabled.[4]

---

[2] Limitations of functions are classified as exertional or non-exertional. *See* 20 C.F.R. §404.1569a. Impairments, including pain, can cause exertional and/or non-exertional limitations of functions. Exertional limitations are those that affect a claimant's "ability to meet strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling". Non-exertional limitations are those that affect a claimant's "ability to meet the demands of jobs other than the strength demands". Examples of non-strength demands of jobs are the ability to concentrate or to perform "the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching."

[3] If a non-strength impairment, even though considered significant, has the effect only of reducing that occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability. Ortiz v. Sec'y of Health & Human Serv., 890 F.2d 520, 524 (1st Cir. 1989).

[4] The Grid is based on a claimant's exertional capacity and can only be applied when claimant's non-exertional limitations do not significantly impair claimant's ability to perform at a given exertional level. Rose v. Shalala, 34 F.3d 13, 19 (1st Cir. 1994).

Regardless of the above requisites of light work, if further limited to a narrow range of light type of work, the ALJ's opinion as to the vocational expert's testimony gave indeed no consideration to the amount of time a trimmer is to remain seated or standing during the eight-hour work day or if may alternate positions.[5] The ALJ did not submit either any limitations imposed by pain or by the mental non-exertional limitations, except for the averment of having examined same under the Avery standard.[6] This standard under the Social Security Act requires to consider subjective complaints of pain, and there must be a clinically determinable medical impairment that can reasonably be expected to produce the pain alleged. Then other evidence, including the statements of claimant or his physician, if these are consistent with the medical findings, and so long as these statements are not inconsistent with the objective findings, should permit a finding of disability when the medical findings alone would not.

When considering pain, the ALJ must inquire into six factors set in Avery, to wit; (1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); (3) type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) treatment, other

---

[5] Prior work experience as trimmer in the "gardening industry" seems to have extrapolated to trimmer in the garment industry by the vocational expert's testimony. Tr. p. 427. Evidently claimant refers to trimming of threads in machineries. Id. 191.

[6] Avery v. Sec'y of Health & Human Services, 797 F.2d 19 (1st Cir. 1986). Once there are medical signs and findings that show the existence of a medical impairment which could reasonably be expected to produce the pain alleged, disability is established if such findings, considered with all the evidence including statements of the individual or his physician as to the intensity and persistence of such pain, would lead to a conclusion that the individual is under disability.

than medication, for relief of pain; (5) functional restrictions; and (6) the claimant's daily activities. See Nguyen v. Chater, 172 F.3d 31, 34 (1st Cir. 1999).

Dr. René Cardona, specialist in neurosurgery, examined the patient Ms. Castro-Mercado finding moderate limitation in the range of motion of the trunk for bending and preserve ability to walk on heels and toes. He recommended, however, lumbar surgery which Ms. Castro-Mercado underwent on April 10, 2001, followed by physical therapy.

The State Insurance Fund treatment conducted a Magnetic Resonance Imaging thereafter that revealed status post L4-L5 left laminectomy and degenerated L4-L5 disc, without the previous bulging or disc herniation. (*Tr. pp. 261, 323*). The ALJ considered this was after the period of claimant's insurance coverage. Still, conditions that became disabling after an insured period has elapsed are considered not always wholly irrelevant. Medical evidence generated after a claimant's insured status expires may be still considered for what light, if any, it sheds on the question whether claimant's impairment(s) reached disabling severity before claimant's insured status expired. Because plaintiff herein last qualified for disability coverage up to March 31, 2001, she still retains the burden of establishing by credible evidence that the impairments were of a disabling level of severity as of that date. Ragan v. Finch, 435 F.2d 239, 241 (6th Cir. 1970), *cert. denied*, 402 U.S. 986, 91 S.Ct. 1685 (1971). It is not sufficient for a claimant to establish that the impairment had its roots prior to that date. *See* Sampson v. Califano, 551 F.2d 881, 882 (1st Cir.), *cert. denied*, 434 U.S. 854, 98 S.Ct. 171 (1977); *see also* Deblois v. Secretary of Health and Human Services, 686 F.2d 76, 79 (1st Cir. 1982); *and see* Smith v.

Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988); Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir. 1984)(collecting cases).

The record finds claimant continued with treatment that showed tenderness of the paravertebral muscles and weakness of the abdominal muscle. She was recommended physical therapy. By April of 2002, Dr. S. González reported pain in the lumbar spine that irradiated to the left hip. She had complained before and was found to have half of the range of movement in her neck (*Tr. p. 264*). The leg had positive Lasegue with associated pain, muscle spasm and limitation in the range of movement of the spine. There was muscle weakness in the left leg and left heel reflex was lost. The patient was treated with muscle relaxants and pain medication. The patient had developed gastric pain, which is consonant with the extensive taking of oral medication in this type of cases and was prescribed Tagamet. (*Tr. p. 344*)

While it is proper to discount evaluation of a physician who relies excessively on the patient's subjective symptoms, rather than on objective medical findings, clinical findings not confirmed by laboratory results on the grounds of being subjective should not be easily disposed. *See* Rodriguez Pagan v. Secretary of Health & Human Serv., 819 F.2d 1, 3 (1st Cir. 1987).

In claimant Castro-Mercado's situation, a statement by the ALJ of having considered pain under Avery, would be deemed insufficient if from the record and the medical evidence it could be reasonable held that pain existed as to her cervical and back condition there being a condition determined by medical evidence to sustain the pain alleged. The ALJ further

mentioned claimant's treatment was conservative, yet sets aside the longitudinal history that claimant Ms. Castro-Mercado had submitted herself to back surgery to reduce her back pain and had required epidural pain blockings. (*Tr. pp. 248-249*).

Plaintiff Castro-Mercado had been under treatment of the State Insurance Fund after a work accident for back and neck pain from August of 2000. Although initially she was diagnosed with cervico-dorso-lumbosacral strain and recommended rest, with physical therapy, additional studies disclosed an herniated nucleus pulposus at the L4-L5 level with impingement upon the left L5 nerve root, paravertebral muscle spasm and left L4-L5 radiculopathy. This was confirmed by a Magnetic Resonance Image study of t he lumbar spine.

A neurologist's examination in December 2000 revealed neck discomfort that irradiated to both shoulders. The diagnosis was of cervico-lumbar-fibromyositis with no radiculopathy.

The ALJ found no submission was made at the State Insurance Fund as to the existence of a mental health condition that could have affected her concentration and pace. Still, no consideration for in line-work production required in performing as trimmer, nor as to the capability to remain standing as photo copier and garment sorter were examined or submitted in the hypothetical questions to the vocational expert. The ALJ concluded that regardless of her depressed and anxious mood, claimant was coherent and oriented in the three spheres. (*Tr. p. 31*). The psychiatric treatment provided by Dr. Nelsa Rodríguez showed preserved memory for immediate, short term and remote events, but impairment in the patient's recent memory. Judgment was considered poor. The diagnosis was of major depression severe and the patient

was treated with psychotropic medications. Still, the medical record made a summary of available evidence from December 27, 2000 through June 14, 2001, during which period patient presented sadness, crying, anxiety, changes in mood, excessive fears which made difficult for her to drive. She also had difficulty sleeping, loss of appetite and of weight. (*Tr. p. 280*). The State Insurance Fund provided the patient with the maximum allowed therapy and discharged her with disability. *(Id. pp. 314-315)*.

The consultative psychiatric evaluation by Dr. Reinaldo E. Kianes found memory was diminished for immediate and short term events, although preserved for recent and remote recall. The concentration seem diminished. The patient showed fair judgment but no insight as to her mental condition. The diagnosis was of adjustment disorder with depressed mood. (*Tr. pp. 336-339*).

The ALJ used the GRID as a framework for the decision based on claimant's residual functional capacity, after making a finding of no significant non-exertional limitations, and concluded there was a significant range of light unskilled work she was able to perform. The ALJ then determined that claimant was able to perform her past relevant work as trimmer for which reason she was not under disability.

**B.    Conclusions of Law**.

A review of the ALJ's decision shows he opined objective evidence established the presence of medical impairments which could reasonably be expected to cause the symptoms alleged, but not to the extent claimed. In reviewing the decision of the ALJ, we still consider the

Court of Appeals for the First Circuit has previously discussed the ALJ is "not required to recite every piece of evidence that favored appellant." Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise)). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

An Administrative Law Judge is not required to give greater weight to opinions of treating physicians in social security disability case. Arroyo v. Secretary of Health and Human Services, 932 F.2d 82 (1st Cir. 1991). *See* Rodriguez Pagan v. Secretary of Health and Human Services, 819 F.2d 1 (1st Cir 1987) (opinions of physicians in social security disability proceeding are not entitled to greater weight merely because they are treating physicians, as opposed to consulting physician). To be controlling, among other things, the treating physician's opinion must not be inconsistent with the other substantial evidence in the case record. Conflicts in the evidence are for the Commissioner, not the courts. Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir.1981). *See also* 20 C.F.R. § 404.1527(d)(2); *see also* Rodriguez Pagan v. Secretary of Health and Human Services, 819

F.2d 1, 3 (1st Cir.1987); Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 130 (1st Cir.1981).

However, it is also well established that the treating physician's opinions must be given considerable weight in determining disability, even if not deemed conclusive. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir.1994). Thus, the ALJ may disregard the treating physician's opinion with a showing of good cause. Moreover, "the good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." Id. (citing Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985)). Sánchez v. Commissioner of Social Security, 270 F.Supp.2d 218, 221 (D. Puerto Rico 2003).

One non-examining or consultative evaluations herein submitted a residual functional assessment upon which the ALJ rested to make his conclusion that claimant could perform light type of work. (*Tr. p. 284, Exhibit 4F*). *See* Gordils v. Secretary of Health and Human Services, 921 F.2d 327, 329 (1st Cir.1990) (*per curiam*) (the opinion of an examining consultant and a non- examining physician who completed an RFC assessment can constitute "substantial evidence"). Nevertheless, the ALJ's opinion considered claimant could perform a narrow range of light work and such was not the hypothetical question submitted to the vocational expert.

The ALJ also noted claimant indicated she was able to take care of her personal hygiene and do some housework. In fact, plaintiff Castro-Mercado had indicated having had significant assistant in all chores, personal and household, to take her to medical appointments, to help her

to get dress, but her friend had recently passed away. (*Tr. p. 158*). She is thereafter assisted by her daughter, brother and sister-in-law. (*Id. p. 164*).

The ALJ is entitled to consider how the claimant's testimony fits with the rest of the evidence of record. *See* Frustaglia v. Secretary of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987). The ALJ avers having considered the claimant's pain under the Avery standard, without much discussion. It failed to acknowledge claimant complies with the strictures of Avery in regard to complaints of pain that was supported by clinical findings in the record as a whole. She continued with pain treatment after undergoing back surgery and had side effects of pain medication prescribed for anti-inflammatory muscle and back pain.[7] In addition to pain, plaintiff has a non-exertional diagnosed condition related to mental health problems.

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[8] The court would set aside a denial of benefits only

---

[7] Prescriptions entailed: Relafen, 750 mg., Skelaxin, 400 mg., Ciclobenzaprine, 10 mg., Chlorzoxazone, 500 mg., Paxil, 20 mg.

[8] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

Opinion and Order
Liserpidia Castro-Mercado v. Commissioner of SS
Civil No. 07-1027(FAB/CVR)
Page No. 17

if it is not supported by substantial evidence or if it is based on a legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). *See* Rodriguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

When the severity of claimant's symptoms are supported by objective medical evidence from the treating physician, the ALJ would be required to provide clear and convincing reasons for rejecting the claimant's testimony unless there is evidence of malingering. Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir.1996).[9] There is no evidence that herein plaintiff was malingering at any time. Thus, notwithstanding that credibility determinations are for the ALJ to made, absent malingering would require good cause be shown, supported by substantial evidence, to discredit her testimony at the hearing proceedings, without more. *See* Nguyen v. Chater, 172 F.3d 31, 33 (1st Cir. 1999) (finding the ALJ erred in assessing claimant's residual functional capacity by ignoring medical evidence, substituting his judgment for that of medical professionals and improperly discounting the opinion of a treating physician). ALJ would then proceed to the determination of claimant's residual functional capacity. 20 C.F.R. §§ 404.1520 and 404.1561 by taking into account the severity of claimant's pain and the extent to which it impeded her ability to work. 20 C.F.R. § 404.1529(a) and (b); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 25 (1st Cir.1986). In making this assessment, the ALJ is

---

[9] Under the first step prescribed by Smolen, claimant must produce objective medical evidence of the underlying impairment, and must show that the impairment, or combination of impairments, could reasonably be expected to produce pain or other systems. If the test is satisfied, and if the ALJ's credibility analysis of claimant's testimony shows no malingering, then the ALJ may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." Smolen, 80 F.3d at 1284.

required to consider evidence in addition to medical tests, including, inter alia, claimant's statements, opinions of treating physicians, reports of claimant's activities and claimant's course of treatment. 20 C.F.R. § 404.1529(c). Nguyen v. Chater at 33.

As a lay person, however, the ALJ is simply not qualified to interpret raw medical data in functional terms and when there is no medical opinion supported said determination. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15 (1st Cir.1996); Perez v. Secretary of Health and Human Services, 958 F.2d 445, 446 (1st Cir.1991); Berrios Lopez v. Secretary of Health and Human Services, 951 F.2d 427 (1st Cir.1991); Gordils v. Secretary of Health and Human Services, 921 F.2d at 329; see Nguyen v. Chater, 172 F.3d at 35. With a few exceptions, an ALJ, as a lay person, is not qualified to interpret raw data in a medical record. *See also* Perez v. Secretary of Health & Human Servs., 958 F.2d at 446; Gordils v. Secretary of Health & Human Servs., 921 F.2d at 329. Of course, where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment. *See, e.g., id.* But when, as now, a claimant has sufficiently put her functional inability to perform her prior work in issue, the ALJ must measure the claimant's capabilities, and to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person. The question whether substantial evidence supports the ALJ's finding that claimant retains the functional capacity to do all levels of light type exertion proposed to the vocational expert, and the ALJ's opinion of a narrow

Opinion and Order
Liserpidia Castro-Mercado v. Commissioner of SS
Civil No. 07-1027(FAB/CVR)
Page No. 19

range of light type exertion, leaves out from the vocational expert the possibility of considering limitations imposed to claimant because of her exertional and non-exertional conditions. If that evidence suggests a relatively mild physical impairment posing, to the layperson's eye, no significant exertional restrictions, then we must uphold the ALJ's finding; otherwise, we cannot (in the absence of an expert's opinion). *See* Perez, 958 F.2d at 446-47; Gordils, 921 F.2d at 329.

This Magistrate Judge considers that the decision of the Commissioner lacks substantial evidence in support. A remand on disability determinations might have been appropriate for the administrative agency to be able to consider new evidence when the new evidence would be material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. New evidence meets the materiality requirement if it bears directly and substantially on the matter in dispute and there is a reasonable possibility that the new evidence would have changed the outcome.[10] A remand is not the proper remedy herein because already the Appeals Councel had once remanded for further consideration that was not cured by the action taken by the ALJ. Additionally, there is no need either to allow the Commissioner to fulfill his role of resolving conflicting evidence, a task which is not ours to perform, since the

---

[10] "We have held, accordingly, that where an ALJ reaches conclusions about claimant's physical exertional capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence and it is necessary to remand for the taking of further functional evidence. Rivera-Figueroa v. Secretary of Health and Human Services, 858 F.2d 48, 52 (1st Cir.1988); Rivera-Torres v. Secretary of Health and Human Services, 837 F.2d 4, 7 (1st Cir.1988)." *See* Perez v. Secretary of Health and Human Services, 958 F.2d 445, 446 (1st Cir. 1991).

evidence of record is and would be the same. Freeman v. Barnhart, 274 F.3d 606, 609 (1st Cir. 2001); Walker v. Bowen, 834 F.2d 635, 639-40 (7th Cir.1987).

Furthermore, since both the Social Security statute, 42 U.S.C. § 423(d)(2)(C), and the Secretary's regulations, 20 C.F.R. § 404.1523, require the Secretary to consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity, pain is to be properly assessed unless found not credible. If the ALJ finds, as he may, that any treating physician's opinion is not credible, then he must comply with the regulations by explicating his grounds. The ALJ must have also considered the extent to which claimant's exertional or non-exertional impairments, the latter as shown by the mental health condition, may compromise her ability to perform the full range of work within her residual functional capacity.

## Conclusion

For the reasons stated above, this United States Magistrate-Judge, having scrutinized the record and the evidence therein as a whole, finds that the decision of the ALJ is not supported by substantial evidence. Therefore, it is **ORDERED** that the Commissioner's decision **BE VACATED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 1st day of August of 2008.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
United States Magistrate Judge